UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES L. MACKLIN,

        Appellant,

   v.

DEUTSCHE BANK NATIONAL TRUST CO.,

        Appellee.

No.  2:15-cv-01084-JAM

**ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT**

Appellee Deutsche Bank National Trust Company ("Appellee" or "Deutsche Bank") bought the real property of Appellant James L. Macklin ("Appellant" or "Macklin") at foreclosure sale. After Macklin litigated his continued right to the property in an adversary bankruptcy proceeding and lost, he litigated it again in district court, and a third time on a motion for relief from judgment back in bankruptcy court.  Now appealing the order denying relief, Macklin continues to advance his unfounded theory that all courts lack jurisdiction to enter orders against him and that Deutsche Bank has no standing to defend its right in its property.  For the reasons stated below, the Court

1

1   affirms the bankruptcy court's order.[1]

2

3                   I.    FACTUAL AND PROCEDURAL BACKGROUND

4        In April 2006, Macklin took out a loan on his property at

5   10040 Wise Road in Auburn, California, secured by a deed of

6   trust.  See Appellant's Excerpts of Record ("ER") at 33.  After

7   Macklin defaulted on the loan a few years later, he sent a

8   letter to the lender and the trustee designated on the deed of

9   trust.  See id. at 36, 67.  The letter was entitled "Notice of

10  Rescission" and stated in part:

11        This is constructive notice of my rescission to the
          above described contracts [referring to loan numbers
12        listed in the letter]. . . .  I will accept the cash
          amount of $125,713.46 as this represents the cash
13        payments made by me on the debt side of the ledger,
          and I will expect the return of the original
14        promissory notes as listed above so that I may retain
          my property.  If you will not, or cannot, return the
15        original promissory notes to me, then my deposit
          amount will be returned to me since it was my property
16        to begin with.  That amount is $659,000.00.  No
          further action will be pursued by me if the above
17        rescission requests are fulfilled in a timely manner.

18  See id. at 67-68.  The trustee responded to Macklin's letter

19  advising that it was disputed whether the letter caused an

20  automatic recession and how much money Macklin was entitled to.

21  See id. at 70-72.  The letter also stated, "If you wish to

22  pursue your claim for rescission of the subject loan, please

23  confirm your ability to tender the return of funds in the above

24  approximate amount and we will submit your request to the

25  beneficiary and/or servicer to either acknowledge the rescission

26

27  [1] This motion was determined to be suitable for decision without
    oral argument.  Fed. R. Bankr. P. 8019(b)(3).  The hearing was
28  scheduled for December 2, 2015.

                                    2

1   or not." See id. at 72.

2       Macklin apparently never responded and the property was

3   sold at foreclosure sale to Appellee Deutsche Bank.  Id. at 125;

4   Appellee's Supplemental Excerpts of Record ("SER") at 128-29.

5       Macklin commenced an adversary proceeding against Deutsche

6   Bank in the Bankruptcy Court of the Eastern District of

7   California in January 2011, alleging that the rescission letter

8   automatically made the deed of trust void, so Deutsche Bank

9   could not later have obtained rights to that deed of trust.  ER

10  at 74; SER at 143.

11      The bankruptcy court ultimately denied Macklin's motion for

12  summary judgment and granted summary judgment in favor of

13  Deutsche Bank.  See SER at 149-50.  Judgment was entered in July

14  2013.  ER at 111.  Macklin attempted to appeal the order

15  granting summary judgment to the Bankruptcy Appellate Panel, but

16  the Panel dismissed the appeal as untimely.  Id. at 112-14; SER

17  at 13-14.  The bankruptcy case was then closed in April 2014.

18  ER at 114.

19      Meanwhile, Macklin had also sued Deutsche Bank in a

20  separate civil action which was removed to the District Court

21  for the Eastern District of California.  See Macklin v.

22  Hollingsworth, 10-cv-01097-MCE-KJN (filed May 3, 2010).  The

23  district court stayed the case until resolution of the

24  bankruptcy matter.  See Order at 1 (Doc. #25), Macklin v.

25  Hollingsworth, 10-cv-01097-MCE-KJN (dated Oct. 6, 2010).  In

26  February 2014, the court lifted the stay, and later ruled that

27  claim preclusion barred Macklin's claims – which were

28  essentially identical to those raised in his bankruptcy case.

1    See Order at 2 (Doc. #29), Macklin v. Hollingsworth, 10-cv-

2    01097-MCE-KJN; Memorandum and Order at 13-14 (Doc. #87), Macklin

3    v. Hollingsworth, 10-cv-01097-MCE-KJN.

4         Before the district court entered judgment, Macklin filed a

5    motion to reopen the adversary proceeding in bankruptcy court.

6    See ER at 114.  The bankruptcy court granted that motion, and

7    Macklin filed a motion for relief under Federal Rule of Civil

8    Procedure 60(b), contending that the earlier bankruptcy court

9    orders were "void."  Id. at 115.  Macklin argued that he should

10   not be bound by the court's prior orders, because "[Deutsche

11   Bank] should not have been allowed to defend itself against the

12   claims asserted by Macklin, and that it is 'unfair' for Macklin

13   to be bound by the orders and judgment in this litigation[.]"

14   SER at 18 (summarizing Macklin's arguments and the bases for his

15   motion).  The bankruptcy court denied Macklin's motion.  ER at

16   118-19.

17        Macklin now appeals the bankruptcy court's denial of his

18   Rule 60(b) motion.  Id. at 119.  Appellee Deutsche Bank has

19   elected to proceed in the district court (Doc. #1), and this

20   Court[2] has jurisdiction pursuant to 28 U.S.C. § 158(a).

21

22                    II.   ISSUES ON APPEAL

23        Macklin attacks the jurisdiction of the court below and

24   _____

25   [2] The parties filed notices of related case to inform the Court
     of the similarity between this bankruptcy matter and the district
26   court action Macklin filed in 2010.  See Notice of Related Case
     (Doc. #4).  Chief District Judge Morrison England declined to
27   relate the cases so the matter remains before this Court.  See
     Non-Related Case Order (Doc. #107), Macklin v. Hollingsworth, 10-
28   cv-01097-MCE-KJN.

1  contests whether Deutsche Bank had standing.   Specifically, he

2  raises two issues on appeal in regard to the bankruptcy court's

3  order denying his Rule 60(b) motion: whether the bankruptcy

4  court erred in determining that (1) it had jurisdiction and

5  (2) Deutsche Bank had standing, despite Macklin's purported

6  rescission letter.

7

8                      III.   OPINION

9       A.   Legal Standard

10      The parties disagree about what legal standard applies

11 here.   Macklin contends that the order below should be reviewed

12 "based on a void judgment standard."   Reply at 4.   That

13 standard, according to Macklin, is that the Court should reverse

14 the bankruptcy decision if "the jurisdictional error was

15 'egregious.'"   Appellant's Opening Br. at 4.   Deutsche Bank

16 states that an abuse of discretion standard applies.   Appellee's

17 Opening Br. at 2.

18      The Court finds that the bankruptcy court's decision is

19 subject to review for abuse of discretion.

20 Lemoge v. United States, 587 F.3d 1188, 1191-92 (9th Cir. 2009);

21 In re Summerville, 361 B.R. 133, 139 (B.A.P. 9th Cir. 2007) ("We

22 review a bankruptcy court's ruling on a motion for relief from

23 judgment (FRCP 60(b)) for abuse of discretion.") (citation

24 omitted).   "A bankruptcy court abuses its discretion if it

25 applied the wrong legal standard or its findings were illogical,

26 implausible or without support in the record."   In re Jensen,

27 2015 WL 1019557, at *3 (B.A.P. 9th Cir. Mar. 10, 2015) (citing

28 TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th

1   Cir. 2011)).

2       B.   <u>Analysis</u>

3       Macklin's theory is that the letter he sent to the lender

4   and trustee immediately caused a rescission of the mortgage,

5   making the mortgage contract "void."  Because the contract was

6   void, according to Macklin, Deutsche Bank had no standing to

7   litigate its rights to the security underlying that contract

8   (i.e., the property), and the Court had no jurisdiction (either

9   personal jurisdiction or subject matter jurisdiction) to

10  consider such a void contract.   <u>See, e.g.</u>, Appellant's Opening

11  Br. at 10 ("Appellee was unable to make such assertion [that it

12  holds beneficial interest in the property] based on the void

13  contract.  Personal jurisdiction and standing were

14  unavailing."); <u>id.</u> at 13 ("The [bankruptcy] court lacked subject

15  matter and in personum jurisdiction over a contract that was

16  void, [sic] no relief could be found for Appellee for a <u>void</u>

17  contract, thus, there was not subject matter or personal

18  jurisdiction for the court to hear Appellee.") (emphasis in

19  original).

20      Macklin's argument misconstrues the concepts of standing

21  and jurisdiction.  The court below properly determined that

22  Deutsche Bank had standing and that the court had jurisdiction

23  to hear the issues before it.  <u>See</u> SER at 33-37.  It applied the

24  correct legal standards in evaluating standing and jurisdiction,

25  as described below.

26      Standing requires that the litigant show "an invasion of a

27  legally protected interest that is concrete and particularized

28  and actual or imminent."  <u>Arizonans for Official English v.</u>

1   <u>Arizona</u>, 520 U.S. 43, 64 (1997) (citing <u>Lujan v. Defenders of</u>

2   <u>Wildlife</u>, 504 U.S. 555, 560 (1992)) (quotation marks omitted);

3   <u>see</u> SER at 36 (applying this standard).   Deutsche Bank

4   throughout this litigation has contested whether the purported

5   rescission letter's language in fact effected a rescission and

6   whether the amount of money Plaintiff sought through rescission

7   was accurate.   Deutsche Bank has also asserted that it had

8   rights under the deed of trust lawfully authorizing the

9   foreclosure sale.   These issues show a clear, concrete, and

10  particularized interest in the subject matter of this case, and

11  Deutsche Bank has (and has had throughout the life of this case)

12  standing to litigate this interest.

13       Subject matter jurisdiction is proper in federal court

14  where the well-pleaded complaint states a cause of action

15  arising under federal law, or where the parties present complete

16  diversity of citizenship.   28 U.S.C. §§ 1331, 1332.   Federal

17  courts also have exclusive jurisdiction over property in the

18  bankruptcy estate.   28 U.S.C. § 1334(e).

19       The case here arose when Macklin filed an adversary

20  complaint to adjudicate ownership of the property he claimed in

21  his bankruptcy estate.   <u>See generally</u> SER at 333-378.   Macklin's

22  complaint asserted federal claims against Deutsche Bank, such as

23  violations of the federal Truth in Lending Act ("TILA"),

24  codified at 15 U.S.C. § 1601 et seq.   <u>See</u> <u>id.</u> at 357.   Subject

25  matter jurisdiction was therefore not lacking.   <u>See</u> <u>id.</u> at 34-35

26  (applying the same standards).

27       Personal jurisdiction was also not lacking.   Deutsche Bank

28  availed itself of the court's jurisdiction, as evidence by

1  (among other things) appearing in the case and filing motions.

2  See Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) amended,

3  807 F.2d 1514 (9th Cir. 1987).

4       Nonetheless, Macklin argues that his theory is supported by

5  two cases-- Jesinoski v. Countrywide Home Loans, Inc., 135 S.

6  Ct. 790 (2015) and Merritt v. Countrywide Financial Corp., 759

7  F.3d 1023 (9th Cir. 2014).  See Appellant's Opening Br. at 8,

8  12, 18-19.  But Macklin's interpretation of these cases

9  stretches their holdings and reasoning beyond recognition.  In

10  reality, neither case supports his position.

11       Jesinoski held that a borrower need not file a TILA lawsuit

12  within three years, and rather, TILA's three-year requirement

13  refers to the period within which the borrow must notify the

14  lender of her intent to rescind.  135 S. Ct. at 791.  Merritt

15  held that a plaintiff need not plead ability to tender in order

16  to state a TILA claim, although she may need to prove this

17  ability by the summary judgment stage.  759 F.3d at 1031, 1033.

18  Neither case considered, or even suggested, that a borrower's

19  letter indicating a desire to rescind a loan contract

20  automatically divests the court of jurisdiction or deprives any

21  party of standing.  Indeed, this Court knows of no District

22  Court, Ninth Circuit or Supreme Court authority that would

23  support such a contention.  As described above, Macklin's theory

24  misinterprets the concepts of jurisdiction and standing, and is

25  entirely incorrect.

26       The court below therefore did not abuse its discretion.  It

27  applied the correct legal standard to accurately determine that

28  it had jurisdiction and that Deutsche Bank had standing.

1

                              IV.    ORDER

2          For the reasons set forth above, the Court AFFIRMS the

3     order of the bankruptcy court denying Macklin's Rule 60(b)

4     motion.

5          IT IS SO ORDERED.

6     Dated: December 18, 2015

7                                          _____

8                                          JOHN A. MENDEZ,
                                           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  9